UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

07 CA 12027 EFH

| | | |
|---|---|---|
| CARTIER INTERNATIONAL N.V. and CARTIER, A DIVISION OF RICHEMONT NORTH AMERICA, INC., | § § § § § § § § § § § § § § § § § § § | C.A. NO. _____ <br><br> TEMPORARY RESTRAINING ORDER, SEIZURE ORDER, ORDER RESTRAINING ASSETS, ORDER FOR EXPEDITED DISCOVERY and ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION <br><br> FILED UNDER SEAL PURSUANT TO 15 U.S.C. § 1116 |
| Plaintiffs, | | |
| v. | | |
| ANNA BROWN, INDIVIDUALLY and D/B/A TRESCHICBOUTIQUE D/B/A TRESCHIC DESIGNS D/B/A TUTTU4U D/B/A TUTTU4U ACCESSORIES, JOHN and JANE DOES 1-100 and XYZ CORPORATION 1-100, | | |
| Defendants. | | |

Cartier International N.V. and Cartier, a division of Richemont North America, Inc. (collectively "Plaintiff"), having moved *ex parte* against Defendants Anna Brown, Individually and d/b/a Treschicboutique d/b/a Treschic Designs d/b/a Tuttu4u d/b/a Tuttu4u Accessories, John and Jane Does 1-100, and XYZ Corporations 1-100 (collectively, the "Defendants"), for a temporary restraining order, seizure order, order restraining assets, order for expedited discovery, order to show cause for preliminary injunction and order impounding file pursuant to Federal Rule of Civil Proeedure 65 and the Lanham Act (15 U.S.C. § 1051, *et seq.*), as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473 (the "Lanham Act"), for the reason that the Defendants are manufacturing, importing, exporting, distributing, marketing, advertising, offering for

[PROPOSED] TEMPORARY RESTRAINING ORDER, SEIZURE ORDER, ORDER RESTRAINING ASSETS, ORDER FOR EXPEDITED DISCOVERY and ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION - PAGE 1

sale and/or selling goods bearing counterfeit reproductions of the Plaintiff's federally registered trademarks, trade names and/or logos as set forth in the Plaintiff's Complaint in this action (collectively, the "Plaintiff's Marks"), which are owned and controlled by Plaintiff and used only in connection with products listed in Plaintiff's Complaint and incorporated herein by reference (collectively "Plaintiff's Products"), and the Court having reviewed the complaint, memorandum of law, supporting declarations and exhibits submitted herewith, the Court finds:

1. The Plaintiff is likely to succeed in showing that the Defendants have used and are continuing to use counterfeits or infringements of the Plaintiff's Marks in connection with the manufacture, exportation, importation, distribution, marketing, advertising, offer for sale and/or sale of products (the "Counterfeit Products");

2. The manufacture, exportation, importation, distribution, marketing, advertising, offer for sale and/or sale of the Counterfeit Products will result in immediate and irreparable injury to the Plaintiff if a temporary restraining order does not issue;

3. The Defendants, or other persons acting in concert with the Defendants, would likely destroy, move, hide or otherwise make the Counterfeit Products and business records relating thereto inaccessible to the Court if the Plaintiff proceeded on notice to the Defendants, thus frustrating the ultimate relief the Plaintiff seeks in this action;

4. The harm to the Plaintiff from denial of the requested *ex parte* restraining order outweighs the harm to the Defendants' legitimate interests against granting such an order;

[PROPOSED] TEMPORARY RESTRAINING ORDER, SEIZURE ORDER, ORDER RESTRAINING ASSETS, ORDER FOR EXPEDITED DISCOVERY and ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION - PAGE 2

NY 238457773v2 10/8/2007

5. Plaintiff represents that they have not publicized the requested seizure order;

6. Plaintiff has provided the United States Attorney General with reasonable notice of this application for an *ex parte* seizure order;

7. Plaintiff has demonstrated that the location(s) at which the Defendants are offering for sale and/or selling the Counterfeit Products and are likely to be holding the business records relating thereto; and

8. Entry of an order other than an *ex parte* seizure order would not adequately achieve the purposes of the Lanham Act to preserve the Plaintiff's remedies for trademark counterfeiting, including, *inter alia*, destruction of the Counterfeit Products, the acquisition of the business records relating to the Counterfeit Products, and an award to the Plaintiff of lost profits or damages.

9. Plaintiff has demonstrated that Defendants may take action to transfer their assets and thus avoid an accounting of Defendants' profits from their unlawful activities.

THEREFORE, IT IS HEREBY ORDERED that the Defendants appear to show cause on the 1st of Nov. 2007 at 10 a.m./~~p.m.~~ or as soon thereafter as counsel can be heard, in Courtroom 13, in the United States District Court for the District of Massachusetts, why an Order pursuant to Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act should not be entered granting the Plaintiff a preliminary injunction as follows:

[PROPOSED] TEMPORARY RESTRAINING ORDER, SEIZURE ORDER, ORDER RESTRAINING ASSETS, ORDER FOR EXPEDITED DISCOVERY and ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION - PAGE 3

NY 238457773v2 10/8/2007

    (a)    Restraining and enjoining the Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them, during the pendency of this action, from:

        (i)    Using in any manner the Plaintiff's Marks, alone or in combination with any word or words which so resemble each said trademark as to be likely to cause confusion, deception, or mistake on or in connection with the advertising, offering for sale, or sale of any product not Plaintiffs or, not authorized by Plaintiff to be sold in connection with the Plaintiff's Marks;

        (ii)    Passing off, reverse passing off, inducing, or enabling others to sell or pass of any products that are not genuine Plaintiff's Products as and for genuine products produced by Plaintiff, under the Plaintiff's Marks;

        (iii)    Committing any acts calculated to cause purchasers to believe that Defendants' products are genuine Plaintiff merchandise unless they are those sold under the control and supervision of Plaintiff, or sponsored or approved by, or connected with, or guaranteed by, or produced under the control and supervision of Plaintiff;

        (iv)    Further diluting and infringing any and all Plaintiff's Marks and damaging Plaintiff's goodwill; and

        (v)    Shipping, delivering, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, not authorized by Plaintiff to be sold or offered for sale, and which bear the Plaintiff's Marks.

    (b)    Impounding, during the pendency of this action, any jewelry and the means of making such jewelry seized pursuant to the provisions of this Order.

    (c)    Restricting the transfer of Defendants' assets pursuant to the provisions of this Order hereinafter set forth.

[PROPOSED] TEMPORARY RESTRAINING ORDER, SEIZURE ORDER, ORDER RESTRAINING ASSETS, ORDER FOR EXPEDITED DISCOVERY and ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION - PAGE 4

NY 238457773v2 10/8/2007

IT APPEARING to the Court that the Defendants are manufacturing, exporting, importing, distributing, marketing, advertising, offering for sale and/or selling the Counterfeit Products, and will continue to carry out such acts unless restrained by Order of this Court:

IT IS FURTHER ORDERED, that pending the hearing on the Plaintiff's application for preliminary injunction, the Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, or having knowledge of this Order by personal service or otherwise be, and they are, hereby temporarily restrained from:

    (a)    committing any of the acts set forth in subparagraphs (i)-(v) above;

    (b)    moving, destroying, or otherwise disposing of any products, labels, or other items, merchandise or documents bearing, relating to or used for reproducing the Plaintiff's Marks, or any reproduction, counterfeit, or copy or colorable imitation thereof; and

    (c)    removing, destroying or otherwise disposing of any computer tapes or disks, business records or documents relating in any way to the manufacture, acquisition, purchase, distribution or sale of goods bearing the Plaintiff's Marks or any reproduction, counterfeit, copy or colorable imitation thereof;

ORDERED, that the United States Marshal for this District or in the alternative, any federal, state, county or local law enforcement officers, assisted by one or more attorneys and agents of Plaintiff under the supervision of said attorneys, is hereby authorized and directed to seize, impound and deliver to Plaintiff or its representatives (i) any and all unauthorized and unlicensed merchandise bearing Plaintiff's Marks as

[PROPOSED] TEMPORARY RESTRAINING ORDER, SEIZURE ORDER, ORDER RESTRAINING ASSETS, ORDER FOR EXPEDITED DISCOVERY and ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION - PAGE 5

NY 238457773v2 10/8/2007

described above; (ii) the means for making same; (iii) the books and records relating thereto, including but not limited to records and data contained in electronic format on computers, servers, hard drives, zip drives and/or disks; and (iv) the containers or vehicles in which same are held or transported, which Defendants sell, attempt to sell or hold for sale, at all locations within this District and other Districts where Defendants' Counterfeit Products are sold, offered for sale, distributed, transported, manufactured and/or stored including, but not limited to:

> 120 Sailfish Dr.
> East Falmouth, Massachusetts 02536

and mail drop address:

> P. O. Box 264
> East Falmouth, Massachusetts 02536

It is further ORDERED, that the United States Marshal or other law enforcement officer(s) effecting such seizure shall employ whatever reasonable force is necessary to enter the premises owned, leased or controlled by Defendants or the location to be searched where Defendants' Counterfeit Products or labels and business records relating thereto may be found, and to inspect the contents of any computers, rooms, vehicles, closets, cabinets, containers, cases, desks or documents located on the identified locations or other premises controlled by Defendants; and it is further

ORDERED, that Plaintiff's agents shall promptly inspect all items seized and, if any items are found to be authorized products, such items are to be returned to Defendants within twenty (20) business days after the date this Order is executed; and it is further

[PROPOSED] TEMPORARY RESTRAINING ORDER, SEIZURE ORDER, ORDER RESTRAINING ASSETS, ORDER FOR EXPEDITED DISCOVERY and ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION - PAGE 6

NY 238457773v2 10/8/2007

ORDERED, that the search and seizure ordered herein may be photographed or videotaped for the purpose of authenticating and assisting in obtaining evidence and preventing any controversy regarding the activities and events occurring during said search and seizure; and

IT IS FURTHER ORDERED, that the Temporary Restraining Order shall remain in effect until the date for hearing on the Order to Show Cause set forth above, or such further dates as set by the Court, unless Defendants stipulate, or have not objected, to the Preliminary Injunction; and

ORDERED, that any merchandise or means of making such merchandise or records and other items seized shall be appropriately tagged to permit identification; Defendants shall be given a receipt therefore; such merchandise, records or other items seized shall be impounded in the custody or control of Plaintiff or Plaintiff's agents as substitute custodian pending further order of this Court and shall be made available for inventory or inspection by the party from which it was seized or its counsel during normal business hours; and that any such records seized shall likewise be impounded and shall be subject to a protective order whereby access thereto shall be initially restricted to Plaintiff's counsel and Defendants and Defendants' attorneys of record, who shall all be permitted to inspect and copy such records, and such records shall be copied and the copies returned to Defendants within twenty (20) days of the date this Order is executed. This protective order, restricting access to such documents, shall expire on the date set forth above for the hearing on the Order to Show Cause whether or not said hearing occurs, unless extended by Court order, so that at such hearing and thereafter the contents of such records may be revealed, unless otherwise ordered by this Court; and it is further

[PROPOSED] TEMPORARY RESTRAINING ORDER, SEIZURE ORDER, ORDER RESTRAINING ASSETS, ORDER FOR EXPEDITED DISCOVERY and ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION - PAGE 7

NY 238457773v2 10/8/2007

IT IS FURTHER ORDERED, that the Plaintiff shall post a corporate surety bond, cash or a certified or attorney's check in the amount of ten thousand dollars ($10,000) as security, determined adequate for the payment of such damages as any person may be entitled to recover as a result of the restraint hereunder; and

ORDERED, that sufficient cause having been shown, the above seizure shall take place and service of this Order together with the Summons and Complaint, shall be made on Defendants personally, or by delivery to an adult of suitable age, at Defendants' place of business or residence or where Defendants are selling or holding for sale the items to be seized, and that such service shall be made and such seizure shall take place within ten (10) days from the date of this Order or at such time as may be extended by this Court; and it is further

ORDERED, that Plaintiff's counsel file with the court within ten (10) business days after the seizure is executed an affidavit or declaration stating the date on which the seizure was executed, whether goods and/or other materials were seized and a description thereof, and where the goods and/or other materials are stored; and it is further

ORDERED, that in accordance with Rule 64 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a) and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, Defendants, including but not limited to Defendants Anna Brown, Individually and d/b/a Treschicboutique d/b/a Treschic Designs d/b/a Tuttu4u d/b/a Tuttu4u Accessories, John and Jane Does 1-100, and XYZ Corporations 1-100, and their officers, servants, employees and agents and any persons in active concert or participation with them, and any banks, savings and loan associations or other financial institutions, or agencies which

[PROPOSED] TEMPORARY RESTRAINING ORDER, SEIZURE ORDER, ORDER RESTRAINING ASSETS, ORDER FOR EXPEDITED DISCOVERY and ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION - PAGE 8

NY 238457773v2 10/8/2007

engage in the transfer of real property, who receive actual notice of this order by personal service or otherwise, are temporarily restrained and enjoined from transferring, disposing of, or secreting any money, stocks or other assets of Defendants, without prior approval of the Court, except as to a Defendant that files with the Court and serves upon Plaintiff's counsel:

(1) an accounting of any Defendant's assets having a value of two thousand dollars ($2,000) or more, and the location and identity thereof; and

(2) uncontradicted documentary proof accepted by Plaintiff, (such acceptance not to be unreasonably withheld) that particular assets are not proceeds of Defendant's counterfeiting activities, in which case those particular assets shall be released to such Defendant; and it is further

ORDERED, that upon two (2) days written notice to the Court and Plaintiff's counsel, any Defendant may, upon proper showing, appear and move for the dissolution or modification of the provisions of this Order concerning the restriction upon transfer of Defendants' assets, including the following modifications:

(1) allowing payments for ordinary living expenses not to exceed two thousand dollars ($2,000) per month, with an accounting of such payments to be filed with the Court and provided to Plaintiff within ten (10) days following the end of each month;

(2) allowing Defendant to pay ordinary, legitimate business expenses as follows:

[PROPOSED] TEMPORARY RESTRAINING ORDER, SEIZURE ORDER, ORDER RESTRAINING ASSETS, ORDER FOR EXPEDITED DISCOVERY and ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION - PAGE 9

NY 238457773v2 10/8/2007

(a) rent or mortgage in the amount normally paid as required in any lease or loan on any premises by such Defendant or company, upon presentation of said lease or loan document to Plaintiff's counsel and verification thereof;

(b) ordinary and regular salaries to any bona fide employees, other than any of the Defendants themselves, or any relatives or dependents thereof, to the extent such salaries are not excessive; provided, however, that such salaries shall be paid to persons who were on the payroll of such Defendant as of the date of this Order, and such salaries do not exceed the prior month's level and further provided that Defendant shall first present to Plaintiff's counsel written documentation identifying and verifying all individuals proposed to be paid and the particulars of the salaries proposed therefor;

(c) ordinary and necessary bills for utilities;

(d) payments of any amounts less than two thousand dollars ($2,000), not to exceed an aggregate of more than five thousand dollars ($5,000) per month, for ordinary business expenses, which transfers shall be documented and this documentation provided to Plaintiff's counsel within ten (10) days following the end of each month;

(3) Defendants shall provide Plaintiff's counsel with an accounting of all payments of living expenses, business expenses and any transfers of assets made pursuant to this Order within ten (10) days following the end of each month; and it is further

ORDERED, that Defendants' answering papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for Plaintiff by delivering copies thereof to the offices of 1) Greenberg Traurig, 200 Park Avenue, New York, New York

[PROPOSED] TEMPORARY RESTRAINING ORDER, SEIZURE ORDER, ORDER RESTRAINING ASSETS, ORDER FOR EXPEDITED DISCOVERY and ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION - PAGE 10

NY 238457773v2 10/8/2007

10166, Attention: Harley Lewin; and 2) Greenberg Traurig, LLP, One International Place, Boston, Massachusetts 02110, Attention: John Sten, Esq., before 5:00 ~~a.m.~~/p.m. on Oct. 29, 2007. Any reply shall be filed and served by Plaintiffs at the hearing; and it is further

ORDERED, that discovery herein may begin immediately and Plaintiffs be permitted, immediately after service of the Court's Order, to inspect and copy Defendants' records of the purchase, manufacture, and sale of Counterfeit Merchandise wherever located including but not limited to:

120 Sailfish Dr.
East Falmouth, Massachusetts 02536

and mail drop address:

P. O. Box 264
East Falmouth, Massachusetts 02536

and to take depositions of the persons responsible for Defendants' business; and

IT IS FINALLY ORDERED, that this action shall remain impounded by the Court until the date for hearing on the Order to Show Cause set forth above, at which time the clerk shall remove the file from under seal.

Defendants are hereby given notice that failure to attend the hearing scheduled herein shall result in confirmation of the seizure authorized herein, destruction or other disposition of the goods seized, if any, immediate issuance of the prayed-for Preliminary Injunction to take effect immediately upon expiration or dissolution of the within Temporary Restraining Order, and shall otherwise extend for the pendency of this litigation relief upon the same terms and conditions as comprise this Temporary

[PROPOSED] TEMPORARY RESTRAINING ORDER, SEIZURE ORDER, ORDER RESTRAINING ASSETS, ORDER FOR EXPEDITED DISCOVERY and ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION - PAGE 11

NY 238457773v2 10/8/2007

Restraining Order. Defendants are hereby given further notice they shall be deemed to have actual notice of the issuance and terms of such Preliminary Injunction and any act by them or any one of them in violation of any of the terms thereof may be considered and prosecuted as contempt of this Court.

SO ORDERED:

DATE: Oct. 25, 2007

_____
United States District Judge

[PROPOSED] TEMPORARY RESTRAINING ORDER, SEIZURE ORDER, ORDER RESTRAINING ASSETS, ORDER FOR EXPEDITED DISCOVERY and ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION - PAGE 12

NY 238457773v2 10/8/2007