UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CARTIER INTERNATIONAL N.V. and CARTIER, A DIVISION OF RICHEMONT NORTH AMERICA, INC., | § § § § § § § | C.A. NO. 07-12027 (EFH)<br><br>PERMANENT INJUNCTION AND JUDGMENT ON CONSENT AND [PROPOSED] ORDER THEREON |
| Plaintiffs, | § § | |
| v. | § § | |
| ANNA BROWN, individually, and d/b/a TRESCHICBOUTIQUE d/b/a TRESCHIC DESIGNS d/b/a TUTTU4U d/b/a TUTTU4U ACCESSORIES; JOHN MARK BROWN, individually; JUNG HO CHO, individually, and d/b/a RICH AT 29TH CORP d/b/a RICH @29 d/b/a WWW.RICH29.COM; and JOO RAN CHO, individually, and d/b/a RICH AT 29TH CORP. d/b/a RICH @29 d/b/a WWW.RICH29.COM; RICH AT 29TH CO., a New York Corporation; AGAIN TRADING CORP., a New York corporation, and JOHN and JANE DOES 4-100 and XYZ CORPORATIONS 3-100 (unidentified), | § § § § § § § § § § § § § § § § § | |
| Defendants. | | |

Plaintiffs CARTIER INTERNATIONAL N.V. and CARTIER, A DIVISION OF RICHEMONT NORTH AMERICA, INC., ("Plaintiffs") having commenced this action against, among others, AGAIN TRADING CORP., a New York corporation ("Settling Defendant") pursuant to the Lanham Act, 15 U.S.C. § 1051, *et seq.*, as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473, and under the laws of the State of Massachusetts, for trademark counterfeiting, trademark infringement, trade dress infringement,

trademark dilution, unfair competition and false designation of origin, and unfair and deceptive trade practices for the reason that the Settling Defendant is alleged to be engaged in importing, distributing, offering for sale and/or selling, among other things, products that bear counterfeits and/or infringing imitations of Plaintiffs' trademarks and trade dress (collectively "Plaintiffs' Trademarks and/or Trade Dress") as described and defined in the Settlement Agreement (the "Settlement Agreement") of even date herewith; and

Without admitting liability, Settling Defendant has entered into a Settlement Agreement with Plaintiffs and has stipulated to entry of a Permanent Injunction and Final Judgment ("Injunction"); and

The parties, having indicated below their consent to the form and entry of this Injunction.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

Settling Defendant, its agents, servants, employees, representatives, confederates, affiliates and any other persons or entities acting in concert or participation with it, are permanently enjoined and restrained from:

> a) Using in any manner Plaintiffs' Trademarks or Trade Dress and/or using any reproduction, counterfeit, copy or colorable imitation of Plaintiffs' Trademarks or Trade Dress, alone or in combination with any word or words that so resemble each said trademark as to be likely to cause confusion, deception, or mistake on or in connection with the manufacturing, importing, exporting, distributing, advertising, offering for sale, or sale of any product not the genuine product of Plaintiffs, or not authorized by Plaintiffs to be sold in connection with the Plaintiffs' Trademarks or Trade Dress;

b) Passing off, inducing, enabling or providing the means for others to sell or pass off any jewelry, fashion accessories, or other products as and for genuine products of Plaintiffs, not Plaintiffs', or not produced under the control and supervision of Plaintiffs and approved by Plaintiffs for sale under the Plaintiffs' Trademarks or Trade Dress;

c) Committing any acts calculated to cause purchasers to believe that Settling Defendant's products are those sold under the control and supervision of Plaintiffs, or sponsored or approved by, or connected with, or guaranteed by, or produced under the control and supervision of Plaintiffs;

d) Diluting and infringing all Plaintiffs' Trademarks or Trade Dress and damaging Plaintiffs' goodwill;

e) Shipping, delivering, distributing, returning or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiffs, nor authorized by Plaintiffs to be sold or offered for sale, and which bear Plaintiffs' Trademarks or Trade Dress;

f) Otherwise competing unfairly with Plaintiffs in any manner; and

g) Assisting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a) through (f).

**IT IS FURTHER ORDERED,** that this Court has jurisdiction over the parties, and the subject matter of the action. This Court shall retain jurisdiction to the extent necessary to enforce

this Injunction and the Settlement Agreement between the parties, which is hereby made a part hereof and incorporated by reference, and to determine any issues that may arise under either.

**CONSENTED TO BY PLAINTIFFS**

Dated: August 6, 2008

By: /s/ Thomas O'Donnell

Harley I. Lewin (HL 1819)
GREENBERG TRAURIG, LLP
200 Park Avenue, 34th Floor
New York, NY 10166
(212) 801-9200
(Admitted *Pro Hac Vice*)

John Sten BBO #629477
Thomas O'Donnell BBO #648130
GREENBERG TRAURIG, LLP
One International Place, 20th Floor
Boston, MA 02110
Tel: (617) 310-6000
Fax: (617) 310-6001

Katherine Compton
GREENBERG TRAURIG, LLP
2200 Ross Avenue
Suite 5200
Dallas, Texas 75201
Tel: (214) 665-3660
Fax: (214) 665-5960
(Admitted *Pro Hac Vice*)

*ATTORNEYS FOR PLAINTIFFS CARTIER INTERNATIONAL N.V. and CARTIER, A DIVISION OF RICHEMONT NORTH AMERICA, INC.*

**CONSENTED TO BY DEFENDANT AGAIN TRADING CORP.**

Dated: August 6, 2008

By: /s/ Michael P. Boudett

Michael P. Boudett
Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1180 direct
(617) 832-7000 fax

**SO ORDERED**

Dated: 8/19/08

By: Edward F. Harrington
UNITED STATES DISTRICT JUDGE

NY 238,810,960v2 8-7-08

4